32 F.3d 571
 1994-2 Trade Cases P 70,706
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Michael W. BLODGETT, Appellant.
 No. 93-3652.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 14, 1994.
Filed: August 15, 1994.
 
 Before FAGG, BEAM, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael W. Blodgett devised and carried out an extensive scheme to defraud individuals investing in rare coins. After the Federal Trade Commission (FTC) learned that Blodgett had bilked millions of dollars from investors, the FTC brought a civil action against Blodgett and his coin investment company seeking an injunction to stop Blodgett's deceptive practices. See 15 U.S.C. Secs. 53(b), 45(a)(2) (1988). In the district court, the parties consented to an order prohibiting Blodgett from engaging in fraudulent or deceptive practices, and appointing a receiver to seize the assets of Blodgett and his company to create a victim restitution fund. Meanwhile, the Government charged Blodgett with several counts of mail fraud, wire fraud, and related criminal charges. A jury convicted Blodgett of most of the charges. Blodgett now appeals his convictions and sentence. We affirm.
 
 
 2
 Blodgett contends the consent order seizing his assets is a criminal punishment, and thus, his later criminal prosecution is a multiple punishment for the same offense forbidden by the Constitution's Double Jeopardy Clause. We disagree. Whether a civil sanction constitutes criminal punishment depends on the sanction's purpose. United States v. Halper, 490 U.S. 435, 447 n. 7 (1989). Generally, a civil sanction designed for victim restitution is not a criminal penalty unless the civil sanction "bears no rational relation to the goal of compensat[ion]." Id. at 449. Here, Blodgett concedes that the order's purpose was to provide restitution to his fraud victims. Because the total amount of assets the FTC receiver seized is not "overwhelmingly disproportionate to the damages [Blodgett] has caused," but in fact is less than his victims' losses, it is clear the order to seize Blodgett's assets was a civil remedial measure and not criminal punishment. Id. Thus, the Government's criminal charges did not expose Blodgett to multiple punishments for the same offense.
 
 
 3
 Blodgett also contends the district court should not have used an earlier state disorderly conduct conviction to increase his criminal history category under U.S.S.G. Sec. 4A1.1 (c) and (d). Because the state court gave Blodgett a stayed sentence for the conviction on the condition that he commit no similar behavior for a year, however, we conclude the district court properly used Blodgett's disorderly conduct conviction to increase his criminal history category. See U.S.S.G. Secs. 4A1.2(c)(1)(A) (disorderly conduct conviction is counted if the sentence was a term of probation of at least one year), 4A1.1(d) n. 4 (term of unsupervised probation is included for purposes of Sec. 4A1.1(d)). We also conclude the district court's finding that Blodgett violated a court order is not clearly erroneous, and thus, the district court properly increased Blodgett's offense level under Sec. 2F1.1(b)(3)(B).
 
 
 4
 Thus, we affirm the district court.